I am Arthur Inman of Peoria for the defendant appellant Jeff Hunziker. At the outset of my remarks I have to apologetically tend to a little bit of housekeeping as I realized reviewing my briefs last week for argument today. So I'll ask the court's attention to page 14 where there is the case People v. Smith which I failed to list in the points ahead of that argument. And also as I'm sure the court has realized I miscited People v. Smith at page 178 which finishes up a civil case. It should have been page 179. So my apologies to the court and to the clerks of the court to ensure we're obligated to put some time and effort to see what I was trying to do. Also apologies to opposing counsel who I assume was able to locate what I was talking about. I believe that is page 15. I'm not doing any better this morning. It's okay. Apology accepted. Don't spend any more time on it. And also at page 12 I believe the court would pick up from the context but the middle line on the page that starts out following the citation of People v. Carrow In the following line the sentence reads does preclude. I trust the court was able to determine that I intended does not preclude. And so again I normally try to be quite thorough as I proof my briefs but there were some failures here and I apologize for those. Occasionally we have the same problems so no apology necessary. Please proceed. Thank you Judge. Now the issues here are I think fairly straightforward and I want to indicate that we're not getting into the older standards for assessing the credibility of anonymous tipsters or John Doe informants because this case meets what seems to be more current practice of bringing John Doe before the magistrate, before the issuing judge and letting the judge evaluate the credibility of that witness himself. Now that does raise some issues in terms of defense but those seem to have been resolved long before this case came along and that is the defense doesn't get a chance to look John Doe in the eye and evaluate his credibility even with the probable cause or the term that's sometimes used on a substantial basis. However, the person, the magistrate deciding the facts, deciding the matter of probable cause does get to look at John Doe and reach some determinations of credibility. So the issue here is not necessarily credibility of our John Doe informant in terms of was he truthful in what he asserted. We almost assume for the purposes of this argument that he was truthful. But the question is does the matter that he asserts, does the material that he presents even combined with the affidavit of the officer, Officer Tarvey in this case, do those matters taken together constitute probable cause even if we assume that John Doe is truthful. Now, I did cite to an article by Professor Lefebvre who I had the privilege of taking criminal procedure from which dates myself I'm sure, but the article dealing with the matters of confidential informants. And there are various ways that the John Doe could provide substantiation for the material he claims, again assuming that he is truthful as far as he went. For example, a previously demonstrated familiarity with drugs, an admission by the possession, an admission against penal interest, and observed use or treatment of the substance in a manner peculiar to the substance. Or the best of all, I suppose, obtaining a sample for forensic testing so that not only would the John Doe be before the magistrate, but then the Tarvey, the officer whose affidavit was also in support could have said, yes, I took it to the lab and it came back positive for cocaine, or I field tested it and the field test was positive for cocaine. That kind of matter would be helpful according to Lefebvre and was not present in the instant case. Or even, again, an admission against penal interest possibly, ingestion of the material followed by effects peculiar to the particular drug concerned. None of that was present here. And so the position of the appellant, Jeff Hunsaker, is that assuming the truthfulness of John Doe, what he has told the magistrate and taken along with the affidavit of Tarvey, the police officer who also came before the issuing judge, assuming the truthfulness of Doe, there is not sufficient evidence to constitute probable cause. Now, the other aspect of the case introduced by the state in their brief is, well, Mr. Hunsaker, even if what you say is true, we believe that Tarvey and the officers acted in good faith in executing the warrant. There is, however, there are, however, four exceptions to the good faith rule, and if there were not these exceptions, I suggest that the good faith rule would, for practical purposes, swallow up the exclusionary rule. And the good faith rule would have, would not be left with anything other than a few crumbs out of the loaf of criminal proceedings that go on under the Fourth Amendment, because the officer could say, well, sure, I had this paper, this warrant that authorized me to search the place, and that would be the end of it, no matter what was behind the warrant, no matter what kind of affidavit or testimony was behind the warrant. If the officer could simply say that and close out all debate on the matter. assertion of that in the instant case. Or, secondly, the judge functioned as an advocate. Well, we have nothing in the instant case that suggests that the judge acted in any manner other than in complete judicial good faith. And skipping for a moment the third item, the fourth, the warrant was obviously facially deficient, and that is not contended here. However, the third alternative is what we are dealing with here, that the affidavit did not provide a substantial basis for determining the existence of probable cause. And again, the affidavit is not precisely at issue here, but rather the information and the statements of John Doe. So, we believe that the Hunziker appeal is based on the third exception under the good faith rule, and that there was not sufficient evidence, again, assuming the credibility of all the matters before the issuing judge to constitute probable cause. That will conclude my remarks, unless the court has any questions. Thank you. Good morning, Mr. Hanson. Good morning, Your Honors. May it please the court and counsel, our position is very straightforward, Your Honor, and I'll be pretty terse in my remarks. There was clear probable cause here. If you'll allow me to go through the facts briefly, I won't be terribly redundant with my brief and just highlight. The affiant was at this address twice within the last 30 days, including within the last 72 hours. He saw bags of powder. He knew to be cocaine, he said, on or about the defendant. He also had seen powdered cocaine on the premises. Obviously, he knew what cocaine looked like. That's implicit in his affidavit. He knew he was subject to perjury if he lied. The officer, Tarby, told him that. Officer Tarby adds to this, and the law is quite clear that that's to be taken into account by the court. He told the affiant, the John Doe man, that it was perjury if he lied. The affiant told him the defendant had a large amount of cocaine at the residence. The John Doe affiant had known the defendant for years. John Doe told Tarby that within the last 72 hours, he, three things, saw two plastic bags of a white, chunky substance purported to be powder cocaine, two scales, scales, and packaging material. So he saw this white, powdery substance he knew to be cocaine in the context of cocaine-type paraphernalia. No, that's in the affidavit. That is what Officer Tarby put in Tarby's, which the law that I cite in my brief says can also be taken into account by the issue of perjury. Yes, this is what Tarby is saying the affiant told him. Have I made that clear? Yeah. But those facts weren't in John Doe's affidavit. They were not. But again, I make the point in my brief, you consider both of those things. The affidavit wasn't that complete. The affiant said a lot more things which Officer Tarby added. Who reported it to be cocaine to Tarby? The John Doe affiant. So John Doe says, I know cocaine, right, in his affidavit. Yes. And Tarby says, John Doe told me it was cocaine in his affidavit. Yes, and Tarby said a little bit more than that. He said the affiant knew what cocaine looked like from experience. Apparently, Tarby had dealt with this John Doe before. Again, I want to repeat that. He said the affiant knew what cocaine looked like from his experience. The affiant saw the defendant distribute cocaine at this residence. Okay, it's theoretically possible that what he saw him distributing was something other than cocaine. We're talking probable cause here. I mean, I'm arguing that's even enough for proof beyond reasonable doubt. We're just talking probable cause for a warrant. The affiant patently, under all the facts stated here, Your Honors, could recognize cocaine and did so. Easily there was probable cause here. As to the Leon good faith exception, we argue that applies. Counsel hasn't gone into that at length. I'll rely on my brief in that regard. I made earlier other points in my brief about... So as I understand it, the good faith exception says, okay... Leon, we're talking here. Well, I think the opposing counsel, Mr. Inman, said it really swallows it up, doesn't it? The Fourth Amendment, good faith. I mean, in other words, you can take a faulty affidavit or an incomplete, inadequate affidavit, pass it off to another officer, go in, and you're okay. That, of course, is not what happened here. No, but I'm saying that... You might be, and I haven't specifically thought of that. And Leon, Your Honor, certainly makes inroads into the Fourth Amendment. How can I deny that? It's a very happy thing for the prosecution to have in its arsenal. It's there, and it's the law, and it hasn't been retreated from. And yes, that's an argument a defendant could make, and maybe one day somebody will convince the United States Supreme Court of that. Until they do, it's ours. We've got some libertarians on there. You take ownership of it? I don't know ownership, but... It would be ineffective not to cite it. I'm happy with it in this position I find myself in as appellee, were I the appellant. I would be making the criticisms, as Judge Holder just noted, that Mr. Inman knows, but I'm not on that side. Thank you, Your Honor. I have a question. Why is the affidavit so barren, and the officer's is so less barren? Sloppiness. That's my conjecture. I don't know. The record doesn't reflect it. And indeed, I kind of made some points early on about there could have been a bystander's report or a decreed statement of facts. There could have been more brought out. The appellant has the obligation to do that, but it wasn't done. I'm working with what I was given in the cold corners of the record. There's no question that they have to be taken together before the magistrate. Thank you, Your Honor. Thank you. I hear counsel suggest that part of the explanation for the way things went here was sloppiness, and it may be that I shouldn't throw too many stones this morning for that. However, we... May I suggest laziness? Well, I hope not of me. No, no. Perhaps that adjective, though, would apply to whoever prepared the complaint and the affidavit in this case. Well, that's possible, but I'm not prepared to lay the whole matter off to laziness and have the court decide that the warrant, as was supported, should stand. And while I think Your Honor has indicated some sympathy with a point I made concerning the possibility that the good faith exception could swallow up a great deal of Fourth Amendment jurisprudence, we do have the exceptions which are indicated in the Leon case, and I don't think we should ignore any of those in deciding cases. Now, I'd like to just revisit a couple elements of the facts here. The... A fine says he was at the place approximately twice, I believe, was the term used. Approximately twice, I guess approximately means it could have been one time or three times. Or we can read it as meaning two times, which I think is probably the most sensible way to read it. Could it be read as not quite even two? Yes, it could be read as one. Yeah, yeah. And so... And we're left to guess exactly what he means. If we were dealing with 20 times, maybe approximately 20, or 15 to 20, or even 15 to 25 gives us an idea that he's there a lot. But now we have maybe one time within the last 30 days, and maybe three times within the last 30 days, but the issuing judge and this court are left to guess what it is. So I suppose if I'm looking at approximately twice, which probably is something we'll only see in police writing in preparation for a search warrant, I'm guessing twice, but maybe it's only once and should the court have to guess. Do we know from the record whether the complaint in the affidavit was prepared by a state's attorney, assistant state's attorney, or was it prepared and presented by a police officer? I don't know that, and I don't think the record reveals that. So I guess the record doesn't reveal it to the best of my ability. I think just holding this point is well taken. I don't know how an attorney would prepare a complaint and not have the information in the complaint match the affidavit. It just doesn't make any sense to me, and so that's why I suggested the word laziness. Perhaps an officer didn't even run this by an assistant state's attorney, walked into judges' chambers and said, here, give me a search warrant without any felony review. All I can say is I was an assistant state's attorney back in the Jurassic period. Me too. And my question is based on experience. Yeah, and I strongly encourage people to seek me or one of my colleagues out. When I was dealing with the search warrants, I'd say, if you want to do it yourself, would you like to come to court and defend your work then rather than leave that to me? And yes, I think better procedure, and I'm assuming, but it's only an assumption on my part that it was not prepared by an assistant state's attorney. Thank you. I think there were several questions directed toward the appellee on Tarby's support for John Doe. Tarby says Doe told him that he knew about cocaine, and Doe said to Tarby, I'm familiar with cocaine. But again, the basis of familiarity, how he can claim to know, how he could reliably claim to know, is nowhere set forth in this record. So I respectfully urge that the search warrant in this case was not supported by probable cause, even assuming the credibility of both Tarby and John Doe. And I respectfully urge the court to reverse this case with the suppression of the evidence obtained by the search warrant. Thank you. Thank you. We will be taking the matter under advisement and rendering a decision, hopefully without undue delay, and for now we'll stand in a brief recess for a panel change.